Michael I. Neil (California State Bar No. 40057)
Hugh A. McCabe (California State Bar No. 131828)
David P. Hall (California State Bar No. 196891)
Neil, Dymott, Frank, McFall & Trexler, APLC
1010 Second Avenue, Suite 2500
San Diego, California 92101-4959
Telephone: 619.238.1712
Facsimile: 619.238.1562

Attorneys for Plaintiff
GUARDIAN MEDIA
TECHNOLOGIES, LTD.

FILED

2008 OCT 10  PM 2: 56

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY_____ DEPUTY

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF CALIFORNIA

'08 CV 1859 W RBB

GUARDIAN MEDIA
TECHNOLOGIES, LTD.,

    Plaintiff,

v.

PHILIPS ELECTRONIC NORTH
AMERICA CORPORATION and
TOSHIBA AMERICA CONSUMER
PRODUCTS, L.L.C. and TOSHIBA
AMERICA, INC.,

    Defendants.

Case No. _____

**COMPLAINT FOR PATENT
INFRINGEMENT**

**DEMAND FOR JURY TRIAL**

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff GUARDIAN MEDIA TECHNOLOGIES, LTD. files this Original Complaint against the above-named Defendants, PHILIPS ELECTRONIC NORTH ANERICA CORPORATION, TOSHIBA AMERICA CONSUMER PRODUCTS, L.L.C., and TOSHIBA AMERICA, INC. (collectively, "Defendants") alleging as follows:

/ / /

/ / /

/ / /

COMPLAINT FOR PATENT INFRINGMENT

1



## I. THE PARTIES

1.      Plaintiff GUARDIAN MEDIA TECHNOLOGIES, LTD. ("Guardian") is a Texas limited partnership with a mailing address at 3801 N. Capital of Texas Highway, E240-303, Austin, Texas 78746.

2.      Defendant PHILLIPS ELECTRONIC NORTH AMERICA CORPORATION ("Phillips") is a Delaware corporation with its principal place of business at 1251 Avenue of the Americas, New York, New York 10020.   Defendant Philips can be served with process by serving its registered agent, State of California Corporation Service Company, 2730 Gateway Oaks Drive, Suite 100, Sacramento, California 95833.

3.      Defendant TOSHIBA AMERICA CONSUMER PRODUCTS, L.L.C.is a limited liability corporation organized under the laws of New Jersey, having its principal place of business in New Jersey.   Defendant Toshiba America Consumer Products' can be served with process by serving its registered agent, CT Corporation System, 350 N. St. Paul Street, Dallas, Texas 75201.

4.      Defendant TOSHIBA AMERICA, INC. is a Delaware corporation with its principal place of business at 1251 Avenue of the Americas, New York, New York 10020. Defendant Toshiba America, Inc. can be served with process by serving its registered agent, CT Corporation System, 818 West Seventh Street, Los Angeles, California 90017.

## II. JURISDICTION AND VENUE

5.      This is an action for infringement of a United States patent arising under 35 U.S.C. §§ 101 *et seq.*  This Court has subject matter jurisdiction of the action under Title 28 U.S.C. §1331 and §1338(a).

6.      The Court has personal jurisdiction over Defendants and venue is proper pursuant to 28 U.S.C. §§ 1391(b), (c), and 1400(b). Defendants have substantial contacts with the forum as a result of pervasive business activities conducted within the State of California and within this District, including but not limited to the sale and distribution of various electronic devices.

COMPLAINT FOR PATENT INFRINGMENT

Further, Defendants have committed acts of patent infringement, directly and/or through agents and intermediaries, by shipping, distributing, importing, offering for sale, and/or selling certain infringing products in California and, particularly, the Southern District of California. Defendants have purposefully and voluntarily placed one or more of their infringing products into the stream of commerce with the expectation that they will be purchased by consumers in the Southern District. These products have been purchased by consumers in this District.

### III. BACKGROUND FACTS

7.      On May 29, 1990, United States Patent No. 4,930,158 ("the '158 patent") was duly and legally issued by the United States Patent and Trademark Office to Peter S. Vogel for an invention entitled "Selective Video Playing System," a true and correct copy of which is attached hereto as Exhibit "A", and incorporated herein by reference.

8.      Guardian owns the entire right, title, and interest in and to the' 158 patent.

9.      The'158 patent claims inventions that enable people to program certain home electronic devices so the devices will not display material users deem objectionable. This patented technology commonly is referred to as "parental control" technology.

10.      The '158 patent has expired, but Defendants are still liable for past acts of infringement that occurred before the expiration of the '158 patent.

### IV.   PATENT INFRINGEMENT OF THE '158 PATENT

11.      The allegations of paragraphs 1-10 are repeated and re-alleged as if fully set forth herein.

12.      Defendants have directly infringed, actively induced the infringement of, and/or contributed to the infringement of one or more claims of the '158 patent by importing, making, using, selling, and/or offering to sell products incorporating the technology covered by the '158 patent prior to its expiration.

COMPLAINT FOR PATENT INFRINGMENT

13.     Upon information and belief, Defendants were aware of the '158 patent, had knowledge of the infringing nature of their activities, and nevertheless continued to infringe the '158 patent.

14.     Defendants' infringement of the '158 patent damaged Guardian.

## V.  **PRAYER FOR RELIEF**

Guardian Media Technologies, LTD. requests that the Court find in its favor and against Defendants, and that the Court grant Guardian the following relief:

a.     Judgment that one or more claims of United States Patent No. 4,930,158 have been infringed, either literally and/or under the doctrine of equivalents, by one or more Defendants and/or by others to whose infringement Defendants have contributed and/or by others whose infringement has been induced by Defendants;

b.     Judgment that Defendants account for and pay to Guardian all damages to and costs incurred by Guardian because of Defendants' infringing activities and other conduct complained of herein;

c.     That Defendants' infringements be found to be willful from the time that Defendants became aware of the infringing nature of their respective products, and that the Court award treble damages for the period of such willful infringement pursuant to 35 U.S.C. § 284;

d.     That Guardian be granted pre-judgment and post-judgment interest on the damages caused by Defendants' infringing activities and other conduct complained of herein;

e.     That this Court declare this an exceptional case and award Guardian its reasonable attorney's fees and costs in accordance with 35 U.S.C. § 285; and

f.     That Guardian be granted such other and further relief as the Court may deem just and proper under the circumstances.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

COMPLAINT FOR PATENT INFRINGMENT

4

DATED:     October 10, 2008

NEIL, DYMOTT, FRANK,
MCFALL & TREXLER
A Professional Law Corporation

_____
Michael I. Neil, Esq.
mneil@neildymott.com
Hugh A. McCabe, Esq.
hmccabe@neildymott.com
David P. Hall, Esq.
dhall@neildymott.com

*Attorneys for Plaintiff*
GUARDIANMEDIA
TECHNOLOGIES, LTD

## VI.   **JURY DEMAND**

Plaintiffs demand a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure on all issues presented in this Complaint.

DATED:     October 10, 2008

NEIL, DYMOTT, FRANK,
MCFALL & TREXLER
A Professional Law Corporation

_____
Michael I. Neil, Esq.
mneil@neildymott.com
Hugh A. McCabe, Esq.
hmccabe@neildymott.com
David P. Hall, Esq.
dhall@neildymott.com

*Attorneys for Plaintiff*
GUARDIANMEDIA
TECHNOLOGIES, LTD

COMPLAINT FOR PATENT INFRINGMENT

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

GUARDIAN MEDIA TECHNOLOGIES, Ltd.

**DEFENDANTS**

PHILLIPS ELECTRONIC NORTH AMERICA CORPORATION

FILED
2008 OCT 10 PM 2: 56
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY: ___YMK___ DEPUTY

**(b)** County of Residence of First Listed Plaintiff  **Austin, TX**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant  **New York**
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Neil Dymott, 1010 2nd Avenue, Suite 2500, San Diego, CA 92101

Attorneys (If Known)

**'08 CV 1859 W RBB**

## II. BASIS OF JURISDICTION   (Place an "X" in One Box Only)

- ☐ 1  U.S. Government Plaintiff
- ☒ 3  Federal Question (U.S. Government Not a Party)
- ☐ 2  U.S. Government Defendant
- ☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☒ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | **PERSONAL INJURY** ☐ 362 Personal Injury - Med. Malpractice | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander | ☐ 365 Personal Injury - Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 650 Airline Regs. | ☒ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | **IMMIGRATION** | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 462 Naturalization Application | | |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | | | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN   (Place an "X" in One Box Only)

- ☒ 1  Original Proceeding
- ☐ 2  Removed from State Court
- ☐ 3  Remanded from Appellate Court
- ☐ 4  Reinstated or Reopened
- ☐ 5  Transferred from another district (specify)
- ☐ 6  Multidistrict Litigation
- ☐ 7  Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
35 U.S.C. Section 101

Brief description of cause:
Patent Infringement

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):  JUDGE _____  DOCKET NUMBER _____

DATE  **10/10/08**

SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY

RECEIPT # **155963**  AMOUNT **$350**  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

10/10/08

# UNITED STATES
# DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
SAN DIEGO DIVISION

# # 155963    — MB

# October 10, 2008
# 14:55:12

## Civ Fil Non-Pris
USAO #.: 08CV1859 CIVIL FILING
Judge..: THOMAS J WHELAN
Amount.:                    $350.00 CK
Check#.: BC101130

## Total-> $350.00

FROM: GUARDIAN MEDIA TECH VS
       PHILIPS ELECTRONICS