Craig S. Summers (SBN 108688)
craig.summers@kmob.com
Irfan A. Lateef (SBN 204004)
irfan.lateef@kmob.com
Andrew J. Hall (SBN 246984)
andrew.hall@kmob.com
KNOBBE, MARTENS, OLSON & BEAR, LLP
2040 Main Street, 14th Floor
Irvine, CA  92614
Telephone:  949-760-0404
Facsimile:  949-760-9502

John W. Holcomb (SBN 172121)
john.holcomb@kmob.com
KNOBBE, MARTENS, OLSON & BEAR, LLP
3403 Tenth Street, Suite 700
Riverside, CA  92501
Telephone:  951-781-9231
Facsimile:  949-760-9502

Attorneys for Defendant TOSHIBA AMERICA, INC.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUARDIAN MEDIA TECHNOLOGIES, LTD.,<br><br>Plaintiff,<br><br>v.<br><br>PHILIPS ELECTRONIC NORTH AMERICA CORPORATION and TOSHIBA AMERICA CONSUMER PRODUCTS, L.L.C. and TOSHIBA AMERICA, INC.,<br><br>Defendants. | Case No. 08 CV 1859 W RBB<br><br>**ANSWER OF DEFENDANT TOSHIBA AMERICA, INC.**<br><br>**and**<br><br>**DEMAND FOR JURY TRIAL** |

Defendant TOSHIBA AMERICA, INC. ("TAI") hereby answers the Amended Complaint for Patent Infringement filed by Plaintiff GUARDIAN MEDIA TECHNOLOGIES, LTD. ("Guardian"), as follows:

## I. THE PARTIES

1. TAI lacks sufficient knowledge or information to admit or deny the allegations of Paragraph 1 of the Amended Complaint, and on that basis, denies the allegations of Paragraph 1 of the Amended Complaint.

2. TAI lacks sufficient knowledge or information to admit or deny the allegations of Paragraph 2 of the Amended Complaint, and on that basis, denies the allegations of Paragraph 2 of the Amended Complaint.

3. TAI denies that Defendant TOSHIBA AMERICA CONSUMER PRODUCTS, L.L.C. is a limited liability corporation; it is a limited liability company. TAI admits the remaining allegations of Paragraph 3 of the Amended Complaint.

4. TAI admits the allegations of Paragraph 4 of the Amended Complaint.

## II. JURISDICTION AND VENUE

5. TAI admits that the Amended Complaint purports to assert a claim for patent infringement. TAI admits that this Court has subject matter jurisdiction over this action.

6. TAI admits that the Court has personal jurisdiction over it, but TAI denies the remaining allegations of Paragraph 6 of the Amended Complaint.

## III. BACKGROUND FACTS

7. TAI admits that Exhibit A attached to the Amended Complaint appears to be a copy of U.S. Patent No. 4,930,158 (the "'158 patent"), which is entitled "Selective Video Playing System" and bears an issue date of May 29, 1990. TAI lacks sufficient knowledge or information to admit or deny the remaining allegations of Paragraph 7 of the Amended Complaint, and on that basis, denies the remaining allegations of Paragraph 7 of the Amended Complaint.

/ / /

/ / /

*1*        8.     TAI lacks sufficient knowledge or information to admit or deny the allegations
*2* of Paragraph 8 of the Amended Complaint, and on that basis, denies the allegations of
*3* Paragraph 8 of the Amended Complaint.

*4*        9.     TAI lacks sufficient knowledge or information to admit or deny the allegations
*5* of Paragraph 9 of the Amended Complaint, and on that basis, denies the allegations of
*6* Paragraph 9 of the Amended Complaint.

*7*        10.    TAI admits that no entity can be liable for alleged infringement of the '158
*8* patent with respect to any activities occurring after August 29, 2008. However, TAI denies
*9* the remaining allegations of Paragraph 10 of the Amended Complaint.

*10*                           **IV.   INFRINGEMENT OF THE '158 PATENT**

*11*        11.    TAI incorporates by reference its responses above to Paragraphs 1-10 as
*12* though fully set forth herein.

*13*        12.    TAI denies the allegations against TAI of Paragraph 12 of the Amended
*14* Complaint, and lacks sufficient knowledge or information to admit or deny the remaining
*15* allegations of Paragraph 12 of the Amended Complaint, and on that basis, denies the
*16* remaining allegations of Paragraph 12 of the Amended Complaint.

*17*        13.    TAI denies the allegations against TAI of Paragraph 13 of the Amended
*18* Complaint, and lacks sufficient knowledge or information to admit or deny the remaining
*19* allegations of Paragraph 13 of the Amended Complaint, and on that basis, denies the
*20* remaining allegations of Paragraph 13 of the Amended Complaint.

*21*        14.    TAI denies the allegations against TAI of Paragraph 14 of the Amended
*22* Complaint, and lacks sufficient knowledge or information to admit or deny the remaining
*23* allegations of Paragraph 14 of the Amended Complaint, and on that basis, denies the
*24* remaining allegations of Paragraph 14 of the Amended Complaint.

*25*                                 **V.   AFFIRMATIVE DEFENSES**

*26*     TAI hereby asserts and interposes the following affirmative defenses to the claim of
*27* infringement of the '158 patent, asserted by Guardian against TAI in the Amended
*28* Complaint:

**FIRST AFFIRMATIVE DEFENSE**

**(No Infringement of the '158 Patent)**

15. TAI does not and has not infringed, induced others to infringe, or contributed to the infringement of any valid claim of the '158 patent.

**SECOND AFFIRMATIVE DEFENSE**

**(Invalidity of the '158 Patent)**

16. Each and every claim of the '158 patent is invalid for failing to meet one or more of the requirements of Title 35 of the United States Code, including, without limitation, those specified in §§ 102, 103, and 112.

**THIRD AFFIRMATIVE DEFENSE**

**(Laches)**

17. Guardian's claims are barred by the doctrine of laches due to Guardian's extensive and prejudicial delay in bringing its claims.

**FOURTH AFFIRMATIVE DEFENSE**

**(Equitable Estoppel)**

18. Guardian's claims are barred by the doctrine of equitable estoppel due to Guardian's extensive and prejudicial delay in bringing its claims.

**VI.  DEMAND FOR JUDGMENT**

WHEREFORE, TAI demands judgment in its favor, and against Guardian, providing the following relief:

A. That Guardian take nothing by way of its Amended Complaint and that all claims against TAI be dismissed with prejudice;

B. A declaration that TAI has not infringed U.S. Patent No. 4,930,158;

C. A declaration that U.S. Patent No. 4,930,158 is invalid;

D. A declaration that U.S. Patent No. 4,930,158 is unenforceable due to laches and/or equitable estoppel;

E. A declaration that this is an "exceptional case" pursuant to 35 U.S.C. § 285;

/ / /

F.   That TAI recover its attorneys' fees and costs incurred in this action pursuant to 35 U.S.C. § 285;

G.   That the Court grant TAI such other and further relief as it may deem just and proper.

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: November 6, 2008      By: */s/ John W. Holcomb*
                                  Craig S. Summers
                                  John W. Holcomb
                                  Irfan A. Lateef
                                  Andrew J. Hall
                             Attorneys for Defendant TOSHIBA AMERICA, INC.

## **DEMAND FOR JURY TRIAL**

Defendant TOSHIBA AMERICA, INC. hereby demands a trial by jury with respect to all claims triable by a jury in the above-captioned action.

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: November 6, 2008      By: */s/ John W. Holcomb*
                                  Craig S. Summers
                                  John W. Holcomb
                                  Irfan A. Lateef
                                  Andrew J. Hall
                             Attorneys for Defendant TOSHIBA AMERICA, INC.

**PROOF OF SERVICE**

On November 6, 2008, I caused the **ANSWER OF DEFENDANT TOSHIBA AMERICA, INC. and DEMAND FOR JURY TRIAL** to be electronically filed with the Clerk of the Court using the CM/ECF system which will send electronic notification of such filing to the following persons:

| | |
|---|---|
| Michael I. Neil<br>Hugh A. McCabe<br>David P. Hall<br>Neil, Dymott, Frank, McFall & Trexler, APLC<br>1010 Second Avenue, Suite 2500<br>San Diego, CA 92101-4959<br>Telephone: 619-238-1712<br>Facsimile: 619-238-1562<br>hmccabe@neildymott.com | Barry Bumgardner<br>Brent Bumgardner<br>Edward E. Casto, Jr.<br>Nelson Bumgardner Casto, P.C.<br>5601 Bridge Street, Suite 300<br>Fort Worth, TX 76112<br>Telephone: 817-377-9111<br>Facsimile: 817-377-3485<br>barry@nbclaw.net<br>bbumgardner@nbclaw.net<br>ecasto@nbclaw.net |

Executed on November 6, 2008 at Riverside, California.

                 */s/ John W. Holcomb*
                 John W. Holcomb

6163486_1
110508