cal_____

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUARDIAN MEDIA,                    ) | Civil No.08cv1859 IEG (AJB) |
| ) | Related to 05cv1777 IEG (AJB) |
| Plaintiff,    ) | |
| v.                                                 ) | |
| ) | SCHEDULING ORDER |
| PHILIPS ELECTRONIC, et al.,   ) | |
| ) | |
| Defendants.    ) | |
| _____) | |
| AND RELATED COUNTER CLAIMS.  ) | |
| _____) | |

Pursuant to Rule 16 of the Federal Rules of Civil Procedure, the Court held a Case Management Conference on March 6, 2009 at 9 a.m. After consulting with the attorneys of record for the parties (the "parties" for purposes of the order are the patent holder, Guardian Media Technologies, Ltd. ("Guardian"), and the manufacturers accused of infringing Guardian's patents in suit, namely, Sony Electronics Inc., Thomson Inc., Panasonic Corporation, Victor Company of Japan, Ltd., Mitsubishi Digital Electronics America, Inc., Philips Electronics North America Corporation, Toshiba America Consumer Products, L.L.C. and Toshiba America, Inc. (collectively "the Non-Guardian Parties")) and being advised of the status of the case, and for good cause appearing, IT IS HEREBY ORDERED:

**I.    CASE SCHEDULE**

1.    **Trial Date:**    The case will be set for jury trial at the time of the final pretrial conference.

2.     **Joinder of Parties:**  By **March 31, 2009**, all motions requesting joinder of additional parties shall be filed.

3.     **Amendment of Pleadings:**  By **March 31, 2009**, amendments of pleadings shall be filed.  Motions for leave to amend need not be filed so long as the amendment is filed within the deadline set in this paragraph.  After March 31, 2009, amendments of pleadings will require leave in accordance with the Federal Rules of Civil Procedure.

4.     **Patent Disclosures:**

   a.     Guardian shall serve on all parties a *Disclosure of Asserted Claims and Preliminary Infringement Contentions* and documents in accordance with Patent L.R. 3.1 and 3.2 by **April 3, 2009**.

   b.     The Non-Guardian Parties shall serve on Guardian their *Preliminary Invalidity Contentions* and documents in accordance with Patent L.R. 3.3 and 3.4 by **June 2, 2009**.

5.     **Claims Construction:**

   a.     The parties will simultaneously exchange *Preliminary Claim Constructions*, setting forth their preliminary proposed constructions of each claim term, phrase or clause which they have identified for claim construction purposes, and otherwise comply with L.R. 4.1 a. and b., by **June 8, 2009**.

   b.     The parties will simultaneously exchange *Responsive Claim Constructions* and otherwise comply with Patent L.R. 4.1 c. and d., by **June 19, 2009**.

   c.     The parties will complete and file a *Joint Claim Construction Chart*, a *Joint Claim Construction Worksheet* and a *Joint Hearing Statement*, in accordance with Patent L.R. 4.2, by **June 26, 2009**.

   d.     The parties will complete claim construction discovery in accordance with Patent L.R. 4.3, by **July 17, 2009**.

   e.     The parties will simultaneously file and serve opening claim construction briefs and supporting evidence, in accordance with Patent L.R. 4.4 a., **July 23, 2009**.

   f.     The parties will simultaneously file and serve responsive claim construction briefs and rebuttal evidence, in accordance with Patent L.R. 4.4 b., by **August 11, 2009**.

    g.    The Court will hold a *Markman* hearing at **9:00 a.m. on October 23, 2009**. The parties estimate one (1) day for that proceeding at this time. If the parties' estimate of the length of the *Markman* hearing changes, they need to contact Judge Gonzalez' chambers well in advance of the hearing date.

6.    **Dispositive Motions:** All motions that would dispose of all or any part of this case, including motions for **summary judgment**, must be **heard by April 2, 2010,** but the parties have indicated their intent to file dispositive motions early and may do so any time after entry of this order.

7.    **Initial Designation of Experts:** Unless otherwise stipulated or directed by Order, any party with the burden of proof on an issue shall file a written designation of the name and address of each **expert witness** who will testify at trial on such issue(s) and otherwise comply with Rule 26(a)(2), Fed. R. Civ. P. ("Rule 26(a)(2)"), on or before **January 15, 2010**. **The parties must identify <u>any</u> person who may be used at trial to present evidence pursuant to Fed. R. Evid. 702, 703 and 705, respectively. This requirement is <u>not</u> limited to retained experts. This disclosure requirement applies to all persons retained or specifically employed to provide expert testimony or whose duties as an employee of the party regularly involve the giving of expert testimony.**

8.    **Responsive Designation of Experts:** Any party without the burden of proof on an issue but who wishes to utilize an expert witness shall file a written designation of the name and address of each expert witness who will testify at trial for that party on such issue(s) and shall otherwise comply with Rule 26(a)(2) on or before **February 19, 2010**.

9.    **Objections to Experts:** Objections to the qualifications or competency of experts, sometimes referred to as *Daubert* motions, must be made in a written motion filed no later than **April 2, 2010**.

10.    **Completion of Discovery:** By **January 8, 2010**, all **factual** discovery shall be completed. By **March 26, 2010**, all **expert** discovery shall be completed. The parties may agree to extend these discovery deadlines, provided (1) the extension does not affect the trial or pretrial material submission or dispositive motion dates, and (2) prompt written notice of the extension is given to the Court. "Completed" means that all discovery under Rules 30-36 of the Federal Rules of Civil Procedure, and discovery subpoenas under Rule 45, must be initiated in a sufficient period of time in advance

of the cut-off date, *so that it may be completed* by the cut-off date, taking into account the times for service, notice and response as set forth in the Federal Rules of Civil Procedure. Counsel shall promptly and in good faith meet and confer with regard to all discovery disputes in compliance with Local Rule 26.1(a). All discovery motions shall be filed within **thirty (30)** days after counsel have met and conferred and reached an impasse with regard to any particular discovery issue, but in no event shall discovery motions be filed more than **thirty (30)** days after the close of discovery.

11. A Mandatory Settlement Conference shall be conducted on **March 3, 2010 at 9 a.m.** in the chambers of Magistrate Judge Anthony J. Battaglia. Counsel shall submit confidential settlement briefs **directly** to chambers. The parties' briefs shall be submitted to chambers no later than one week prior to the Settlement Conference. The briefs shall set forth the party's statement of the case and the party's settlement position, including the last offer or demand made by that party and a separate statement of the offer or demand the party is prepared to make at the Settlement Conference.

12. **Pretrial Materials:** Counsel shall comply with the Pre-trial disclosure requirements of Federal Rule of Civil Procedure 26(a)(3) on or before **June 14, 2010**.

13. Counsel shall meet and take the action required by Local Rule 16.1(f)(4) on or before **June 21, 2010**.

14. Objections to Pre-trial disclosures shall be filed no later than **June 28, 2010**.

15. **Pretrial Conference:** A **pretrial conference** in **this case** is set for **July 12, 2010, at 10:30 a.m.** Each party shall be represented by at least one attorney who will participate in the trial and who has authority to enter into stipulations and admissions that would facilitate the admission of evidence and reduce the time and expenses of trial. Fed. R. Civ. P. 16(b). The Court will consider at that time pretrial motions not previously decided, and procedures for trial will be discussed.

16. **Modification of Scheduling Order:** The parties may agree to modify the deadlines established by Paragraphs 2, 3, 7, 8, 9 and 11 of this Scheduling Order; provided, however, that objections to experts cannot be extended to a date less than twenty-eight (28) days before trial; and (2) any extensions to deadlines must be confirmed in writing and filed promptly thereafter with the Court. If the parties seek to extend any of the deadlines set forth in Paragraphs 6, 10, 13 or 14, they shall file their motions seeking such an extension before the deadline elapses. This Order shall control the

disposition of this case unless it is modified by the Court upon a showing of good cause and by leave of Court.  Fed. R. Civ. P. 16(b).

17.	A post-trial settlement conference before a magistrate judge may be held within **thirty (30)** days of verdict in the case.

## II.	DISCOVERY PLAN

1.	**Depositions**:

a.	The Non-Guardian Parties shall be limited a total of 25 fact witness depositions and/or 30(b)(6) depositions, and Guardian shall be limited to a total of 25 fact witness depositions and/or 30(b)(6) depositions.  Each separately noticed or subpoenaed 30(b)(6) deposition may contain multiple topics and shall be counted as a single deposition, regardless of the number of individuals designated to provide testimony in response to the 30(b)(6) deposition notice or subpoena.  Depositions of experts (including individuals who are not retained as experts, but who may be used at trial to present evidence pursuant to Fed. R. Evid. 702, 703 or 705) shall not be counted towards the limit of 25 fact and/or 30(b)(6) depositions per side.

b.	The presumptive limit of 7 hours shall apply to depositions, except that the parties have agreed that the following types of depositions may last for up to 14 hours of actual deposition time: (a) depositions of inventors named in the patents in suit and (b) 30(b)(6) depositions.

c.	If the Non-Guardian Parties wish to depose individuals who reside outside of the United States who submitted declarations on behalf of Guardian during reexamination proceedings involving the patents in suit, they shall prepare deposition subpoenas and serve them on counsel for Guardian.  The subpoenas shall issue from the U.S. District Court for the Southern District of California, and shall be served with the appropriate witness fee, plus an estimated mileage fee of $50.  Upon receiving such a subpoena, Guardian shall contact the subpoenaed individual, and shall cooperate in good faith with the subpoenaing party to make the individual available for deposition at a mutually-agreeable time and location.

Guardian proposes the following additional language: If Guardian cannot procure an appearance for the deposition after a good faith effort, the Non-Guardian Parties shall procure the depositions through the appropriate procedures.

d.   By March 20, 2009, the non-guardian parties will provide a list of witnesses residing outside of the jurisdiction whose deposition will be sought in the case. By April 3, 2009, Guardian's counsel will advise the degree to which they can make the witnesses available for deposition at a mutually-agreeable time and location.

**2.   Electronically-Stored Information and Format of Production**: Pursuant to Fed. R. Civ. P. 26(b)(2)(B), the parties identify the following accessible and inaccessible electronically-stored information (ESI):

a.   <u>Accessible ESI</u>:  Reasonably accessible sources of ESI include electronic documents stored on computer networks, hard drives, shared network drives, workstation or laptop hard drives, and portable drives/media, including external hard drives, zip drives, CD-ROM and DVD-ROM disks, and USB Flash Drives / Jump Drives. Each party will conduct a reasonably diligent search of those reasonably accessible sources in which it has reason to believe relevant ESI responsive to discovery requests will be found.

b.   <u>Inaccessible ESI</u>:  Contingent on each party's compliance with the obligations set forth in Paragraph 3(a) above, the parties agree that the circumstances of this case do not warrant the preservation, review, or production of ESI that is not reasonably accessible because it is unlikely that significant relevant information would be located in those sources that is not otherwise available from reasonably accessible sources. Moreover, the remote possibility is substantially outweighed by the burden and cost of preservation and/or review and production of ESI from these sources. The parties further agree that the following types of ESI are not reasonably accessible:

- Backup tapes and archive media;
- Voicemail;
- Instant messaging;
- Legacy data;

- Residual, fragmented, damaged, permanently deleted slack and unallocated data;
- Data residing on mobile telephones and handheld PDA-type devices;
- Metadata; and
- E-mails.

Guardian reserves the right to move to compel the production of materials stored on back-up tapes and archive media, and/or e-mails, at a future date if necessary. The Non-Guardian Parties do not believe such discovery is warranted, and it is the position of the Non-Guardian Parties that the cost of any such discovery should be borne by Guardian.

  **3.     Form of Document Production**: The parties agree that all documents produced in response to requests for production shall be produced in .tif or .pdf format, on CD-ROM or DVD-ROM media, with a load files indicating the first and last image of each document, in a format appropriate for loading into Summation or Concordance. To the extent that any party, notwithstanding the limitations above, seeks to compel the discovery of documents that fall under the category of inaccessible ESI, the costs of preserving, collecting, and producing these documents will shift to the requesting party.

  **4.     Production of Documents by Guardian**: When Guardian produces documents, Guardian shall produce copies of such documents to each Non-Guardian Party, unless a particular Non-Guardian Party notifies Guardian that it does not wish to receive copies of Guardian's Documents.

  **5.     Production of Documents by Non-Guardian Parties**: When any of the Non-Guardian Parties produces documents, it need not produce copies of those documents to the other Non-Guardian Parties unless a particular Non-Guardian Party requests copies of such documents.

  **6.     Production or Information Concerning Representative Products**: To the extent Guardian's discovery requests seek information concerning the operation or functionality of multiple products that operate in a substantially identical fashion for purposes relevant to the patents in suit, the Non-Guardian Parties may, at their option, respond by producing discovery concerning a representative product, together with a declaration from a knowledgeable person attesting to the fact that the other products within the scope of the discovery request operate or function in a substantially identical manner to the product for which information was produced.

The parties will work together (and no party should be permitted to have the unilateral right) to identify any representative products to streamline (a) discovery and (b) the trial of this matter.

**7.** **Relevant Timeframe**:  Pursuant to 35 U.S.C. § 286, Guardian is precluded from seeking damages from a party for any alleged patent infringement that occurred more than six years prior to the date Guardian's counterclaim against that party for infringement of that patent was filed.  Guardian is also precluded from seeking damages for any alleged patent infringement that occurred after August 29, 2008, the expiration date of the patents in suit.

**8.** **Privilege Logs**:  No party is obligated to identify on its privilege log any privileged or work product documents that were generated after the filing of this lawsuit.  Notwithstanding the ruling by the U.S. Court of Appeals for the Ninth Circuit in *Burlington Northern & Santa Fe Rwy. Co. v. U.S. Dist. Court for Dist. of Mont.*, 408 F.3d 1142 (9th Cir. 2005), the parties agree that privilege / redaction logs shall be served as follows:  (a) with respect to document requests served more than 180 days before discovery cut-off, the responding party shall serve its privilege / redaction logs no later than 90 days after the respective document production is originally due; (b) with respect to document requests served between 180 days and 120 days before discovery cut-off, the responding party shall serve its privilege / redaction logs no later than 90 days before discovery cut-off; and (c) with respect to document requests served less than 120 days before discovery cut-off, the responding party shall serve its privilege / redaction logs concurrently with the respective document production.  Nothing in this provision affects or changes a party's ability to challenge any party's right to withhold any document based on attorney-client privilege and/or work product protections.

**9.** **Discoverability of Draft Expert Reports and Communications with Experts**:  Draft expert reports, expert notes and communications with experts (including individuals who are not retained as experts, but who may be used at trial to present evidence pursuant to Fed. R. Evid. 702, 703 or 705) shall not be discoverable.  All other materials that an expert reviewed, considered, or relied upon in connection with his or her final report shall be discoverable.

**10.** **Protective Order**:  The parties have agreed to utilize the Protective Order proposed by the local rules as a starting draft.  The parties have agreed to discuss modifications to the terms, conditions, and form of the proposed Protective Order and will attempt to reach agreement as to a

proposed protective order to be submitted to the Court by April 8, 2009.

**11.   Service of Documents by Electronic Means**: The parties agree that the service of pleadings, discovery, and like documents by electronic means if the equivalent of service by U.S. Mail. The parties will cooperate to develop a master list of e-mail addresses to be used for service of documents by electronic means.

**12.   Discovery of Guardian License Agreements**: Since 2005, Guardian has licensed approximately 29 companies to the patents-in-suit. All but one of these agreements have a confidentiality provision that requires Guardian to obtain written approval from the respective licensee before disclosing the given license agreement. Otherwise, Guardian can only produce the license if the Court enters an Order compelling its production. Guardian has sent letters to all of the licensees requesting their permission to produce these agreements in litigation. Guardian has received permission from a many of the licensees, but some have flatly denied permission and many have not responded. Still others have requested to see copies of a protective order before making a decision.

The Non-Guardian parties hereby move the Court to compel the production of these during discovery in this case. Guardian does not oppose this motion. The Non-Guardian Parties request that the Court enter an Order compelling the production of these documents in the form of the order attached hereto as Exhibit A.

**13.   Modification of Discovery Plan**: The parties have worked in good faith to adjust the discovery limitations set forth in the Federal Rules of Civil Procedure and the Local Rules in light of the size and complexity of this matter. Despite their best efforts, however, the parties recognize that they cannot predict how this matter will ultimately unfold so early in the case, and that modifications of these limitations may become necessary. In the event of a dispute concerning this discovery plan or a requested modification to the limitations set forth in this discovery plan, the parties shall discuss the dispute in good faith. The parties may agree to modify the provisions of the discovery plan by

///
///
///
///

1 stipulation without seeking an order from the Court. In the event a resolution cannot be reached, the
2 parties shall promptly file an appropriate motion with the Court.

    IT IS SO ORDERED

DATED:  March 16 2009

Hon. Anthony J. Battaglia

U.S. Magistrate Judge

United States District Court